# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TOMAS D. CUESTA, SR.,**

    **Petitioner,**

    **v.**                                                   **Case No. 17-CV-623**

**REED RICHARDSON,**

    **Respondent.**

## RECOMMENDATION ON PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING THE FULL FILING FEE AND FOR DISMISSAL OF PETITION

The petitioner, Tomas D. Cuesta, Sr., who is currently incarcerated at the Stanley Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.) Accompanying his petition is a motion to proceed without prepaying the full filing fee. (Docket # 5.) Cuesta has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 9.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Cuesta's affidavit and his prison account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Cuesta has no assets (Docket # 2 at 2) and has an average monthly balance of $4.40 in his regular account (Docket # 9). Although Cuesta has a balance of $401.45 in his release account (*id.*), given

the purpose of the release account is to provide funds to Cuesta upon his release from incarceration, I do "not deem it prudent to routinely focus on the release account as the initial source of funds to satisfy the filing fee payment requirements of the [Prisoner Litigation Reform Act]," *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).[1] Accordingly, I recommend that Cuesta's motion to proceed without prepaying the full filing fee (Docket # 2) be granted.

My analysis, however, does not end there. This petition is Cuesta's sixth challenge to his 2001 conviction and sentence for aggravated battery, false imprisonment, and second-degree recklessly endangering safety in Dane County Case No. 00CF1226. Cuesta filed his first § 2254 habeas petition with respect to this conviction in the Eastern District of Wisconsin in July 2004. *See Cuesta v. Bertrand*, Case No. 04-CV-645 (E.D. Wis). That petition was dismissed on the merits in July 2005 as untimely. (Docket # 24 in Case No. 04-CV-645.) Cuesta then filed a petition pursuant to § 2241. *See Cuesta v. O'Donnell, et al.*, Case No. 04-CV-804 (E.D. Wis.). Cuesta was told that because he was in state custody pursuant to a state court judgment, his petition should have been brought pursuant to § 2254. (Docket # 6 in Case No. 04-CV-804.) The petition was dismissed in November 2004. (*Id.*) Cuesta then filed a second petition pursuant to § 2254 in September 2007, which was dismissed on the ground that Cuesta did not qualify as indigent. *See Cuesta v. Pollard*, Case No. 07-CV-843 (E.D. Wis.).

In 2010, Cuesta filed a third § 2254 petition in the Western District of Wisconsin, which was dismissed in January 2011 on the ground that it was an unauthorized second or successive petition. *See Cuesta v. Pollard, et al.*, Case No. 10-CV-107 (W.D. Wis.). Also in 2011, Cuesta filed two requests in the Seventh Circuit for permission to file a second or successive habeas petition, and those

---

[1] Cuesta has also filed a motion for permission to pay the $5.00 filing fee from his release account. (Docket # 2.) I recommend this motion be denied.

requests were denied in February 2011. (Docket # 17 at 2 in *Cuesta v. Pugh*, Case No. 13-CV-1303 (E.D. Wis.)). Cuesta then filed a fourth § 2254 petition, again in the Eastern District of Wisconsin, concerning his 2001 conviction. *See id.* This petition was dismissed in June 2014 as an unauthorized second or successive petition. *Id.*

Cuesta now brings this petition before me under § 2241. It is understandable why Cuesta would choose to bring his petition pursuant to § 2241 instead of § 2254, because petitions brought pursuant to § 2241 are not subject to the restriction against second or successive petitions found in § 2244. *Jacobs v. McCaughtry*, 251 F.3d 596, 598 (7th Cir. 2001) ("And § 2244, by its terms, does not apply to petitions brought under § 2241. Rather, it requires permission only before 'a second or successive habeas corpus application *under section 2254*' may be commenced.") (emphasis in original) (internal citation omitted). Cuesta cannot, however, bring his petition pursuant to § 2241 in order to circumvent the limitation found in § 2244 against second or successive petitions. Cuesta is in state custody on a state conviction and asks me to "vacate and set aside his conviction[ ]" based on constitutional violations. (Docket # 1 at 10.) Thus, the proper vehicle for relief is a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (stating that § 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, § 2241 remains available).

As such, under 28 U.S.C. § 2244(b)(3)(A), Cuesta may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he

challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). Cuesta's petition meets that definition. Cuesta again challenges his 2001 conviction and sentence for aggravated battery, false imprisonment, and second-degree recklessly endangering safety in Dane County Case No. 00CF1226. (Docket # 1-1.) And Cuesta's previous habeas petition, dismissed as untimely, "counts" as a prior petition for purposes of § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). As such, because Cuesta has not obtained prior permission from the court of appeals, it is recommended that this action be dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2254 must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, I recommend that this Court decline to issue a certificate of appealability. Of course, Cuesta retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS RECOMMENDED** that Cuesta's motion to proceed without prepaying the full filing fee (Docket # 5) be **GRANTED** and Cuesta's motion to pay filing fee from release account (Docket # 2) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** for lack of

jurisdiction pursuant to 28 U.S.C. § 2244(b);

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 6th day of June, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge