UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMAS D. CUESTA, SR.,

    Petitioner,

v.                                                                          Case No. 17-cv-623-pp

REED RICHARDSON,

    Respondent.

**ORDER OVERRULING PETITIONER'S OBJECTION (DKT. NO. 11), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 10), GRANTING THE PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 5), DENYING AS MOOT THE PETITIONER'S MOTION TO PAY FILING FEE FROM HIS RELEASE ACCOUNT (DKT. NO. 2), DISMISSING THE PETITION (DKT. NO. 1) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On May 2, 2017, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §§2241 and 2243. Dkt. No. 1. Along with his petition, he filed a motion to pay his filing fee from his prison release account. Dkt. No. 2. Ten days later, the petitioner also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 5. Magistrate Judge Nancy Joseph reviewed these motions, and on June 6, 2017, issued a report and recommendation. Dkt. No. 10. She recommended granting the motion for leave to proceed without prepayment of the filing fee, but dismissing the case without a certificate of appealability because she found that she lacked jurisdiction under 28 U.S.C. §2244(b). <u>Id.</u> On June 19, 2017, the petitioner filed an objection to the report and recommendation. Dkt. No. 11. The court adopts Judge Joseph's findings and conclusions in full.

1

A. <u>Judge Joseph's Report and Recommendation</u>

Judge Joseph began by reviewing whether the petitioner had sufficient assets to pay the $5.00 statutory filing fee. Dkt. No. 10 at 1. She concluded that although the petitioner had significant funds in his prison release account, he had no assets and maintained an average monthly balance of $4.40 in his regular account. <u>Id.</u> She recommended that this court grant the petitioner's motion to proceed without prepaying the full filing fee. <u>Id.</u> at 2.

Judge Joseph then screened the petition. She found that this was the petitioner's sixth federal court challenge to his 2001 state conviction for aggravated battery, false imprisonment and second-degree recklessly endangering safety. <u>Id.</u> She detailed the various §2254 and §2241 challenges that the petitioner has made in both the Eastern and Western Districts of Wisconsin. Dkt. No. 10 at 2-3. Judge Joseph noted that, in June 2014, Judge Adelman had dismissed the petitioner's fourth petition under §2254 as an unauthorized second or successive petition. <u>Id.</u> at 3 (citing <u>Cuesta v. Pugh</u>, Case No. 13-cv-1303, dkt. no. 17 at 2 (E.D. Wis. June 17, 2014)).

Turning to the current petition, Judge Joseph noted that, although the petitioner claimed to have filed the petition under 28 U.S.C. §2241, "the proper vehicle for relief is a petition for habeas corpus pursuant to 28 U.S.C. §2254," because the petitioner is in state custody on a state conviction and seeks to vacate and set aside that conviction. <u>Id.</u> (citing <u>Walker v. O'Brien</u>, 216 F.3d 626, 633 (7th Cir. 2000)). Treating the petitioner's filing as a §2254 petition, Judge Joseph found that it was subject to the Antiterrorism and Effective

2

Death Penalty Act's restriction against second or successive petitions, 28 U.S.C. §2244. Id. (citing Jacobs v. McCaughtry, 251 F.3d 596, 598 (7th Cir. 2001)). Under 28 U.S.C. §2244(b)(3)(A), Judge Joseph concluded that the petitioner could not file a second or successive petition for *habeas* relief in the district court without an order authorizing the petition from the appropriate court of appeals. Id.

Judge Joseph recommended that this court dismiss the petition for lack of jurisdiction, because the petitioner had not obtained prior permission from the court of appeals. Id. at 4. She recommended that this court decline to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Court, because "jurists of reason would not find it debatable whether this Court was correct in its procedural ruling." Id. at 4 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

B.  Petitioner's Objections

The petitioner does not object to Judge Joseph's recommendations regarding his filing fees. He focuses his objections on Judge Joseph's recommendation to dismiss his petition and deny a certificate of appealability. Dkt. No. 11.

The petitioner begins by stating that he has problems understanding English and the legal process, which is why he didn't know that he could challenge "inadequacy of complaint investigation or raising new facts because of change [sic] law" under §2254. Id. at 2. He states that this petition raises new facts that he never presented at trial, because the state had withheld

3

them. Id. Specifically, the petitioner argues that during his state post-conviction litigation, he discovered a new investigative report from the Madison Police Department that he could have used to impeach certain prosecution witnesses. Id. at 2. He does not explain *when* he discovered this allegedly withheld investigative report, but at one point alleges that the state may have withheld this report from him for twelve years. Id. at 3 ("Madison Department of Police investigator of the case evidences had withhold critical information of evidences report for more that [sic] 12 years[.]") He does not state whether he discovered this investigative report before he filed any previous §2254 petitions. The remainder of the petitioner's objection analyzes the different ways in which he could have used the information in the investigative report to undermine the government's case, as well as recounting the other errors he believes the government committed at his jury trial and at his sentencing. Id at 3-7.

    C.    <u>Analysis</u>

The petitioner appears to concede that his petition should be characterized as a petition under 28 U.S.C. §2254: "Petitioner argues that review of his claims should be grant[ed] and *excuse my pro se error on the petition number* because [of the following arguments]." Dkt. No. 11 at 1 (emphasis added). He does not specifically contest Judge Joseph's finding that 28 U.S.C. §2254, not 28 U.S.C. §2241, is the proper vehicle for his petition. Nor does he contest Judge Joseph's finding that his current petition qualifies as a "second or successive" petition under §2244, or assert that he has obtained

4

authorization under §2244(b)(3)(A) to file a second or successive petition from the appropriate court of appeals.

The petitioner argues only that he has evidence which he didn't have at trial, and that if he'd been able to use that evidence at trial, the outcome of his case might have been different. If that is true, the appropriate thing for the petitioner to have done would have been to petition the Seventh Circuit Court of Appeals for permission to file a second or successive *habeas* petition so that he could make his newly-discovered evidence argument. He did not do that. The petitioner has not followed the rules, and he has not given the court any reason to reject Judge Joseph's recommendation that the court dismiss the case for lack of jurisdiction. 28 U.S.C. §2244(b)(3)(A) is clear: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion." Without such authorization, the court must dismiss the case.

The court also agrees with Judge Joseph's conclusion that jurists of reason would not find it debatable whether the above procedural ruling is correct. The court will adopt that recommendation, and will decline to issue a certificate of appealability. As Judge Joseph noted, however, the petitioner retains the right to seek a certificate of appealability from the court of appeals. Dkt. No. 10 at 4 (citing F.R.A.P. 22(b)).

The court **OVERRULES** the petitioner's objection to Judge Joseph's report and recommendation. Dkt. No. 11.

5

The court **ADOPTS** the findings and conclusions in Judge Joseph's report and recommendation in full. Dkt. No. 10.

The court **GRANTS** the petitioner's motion to proceed without prepayment of the filing fee. Dkt. No. 5.

The court **DENIES AS MOOT** the petitioner's motion to pay the filing fee from his release account. Dkt. No. 2.

The court **DISMISSES** the petition, dkt. no. 1, and **DECLINES** to issue a certificate of appealability.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of October, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**